IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS STRONG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil No. 11-949-CJP |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act. **(Doc. 22)**. Defendant has not filed a response, and the time for doing so has now expired.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified. The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff is, therefore, the prevailing party. See, *Shalala v. Schaefer*, **509 U.S. 292, 302 (1993).** The Commissioner has not argued that his position was substantially justified so as to defeat plaintiff's claim under the EAJA.

1

Here, counsel seeks $184.29 per hour, based on an increase in the cost of living as calculated by the Consumer Price Index.   See, Memorandum in Support, Doc. 23, Ex. 2. The Commissioner has not challenged the appropriateness of the hourly rate, or the number of hours claimed.

The Court deems the failure to respond to plaintiff's Application to be an admission of the merits thereof.  SDIL-LR 7.1.  Accordingly, the Court finds that plaintiff is entitled to an award of attorney's fees and costs pursuant to the EAJA, and that the hourly rate and number of hours claimed (28.25) are reasonable.

Plaintiff's Application for Attorney's Fees **(Doc. 22)** is hereby **GRANTED**.  The Court awards plaintiff a total of **$5,206.19** as fees.  In addition, the Court awards plaintiff **$350.00** as reimbursement for the filing fee.

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, **130 S.Ct. 2521 (2010).**  However, in accordance with the assignment executed by plaintiff, any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATED:   January 23, 2013.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**
